NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERTO VARGAS,<br><br>Petitioner,<br><br>v.<br><br>ORLANDO RODRIGUEZ,<br><br>Respondent. | Civil Action No. 17-10974 (JLL)<br><br><br>OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Alberto Vargas, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition. (ECF No. 4). Petitioner did not file a reply. For the reasons set forth below, this Court will deny the petition without prejudice.

**I.  BACKGROUND**

Petitioner, Alberto Vargas, is a native and citizen of Peru who apparently entered the United States in December 2003. (Document 1 attached to ECF No. 3 at 6). In March 2008, Petitioner was convicted of manufacturing, distributing, or dispensing a controlled dangerous substance in New Jersey. (*Id.* at 7). Following his release from criminal custody, and based upon Petitioner having entered the United States illegally, Petitioner was taken into immigration custody in July 2016. (*Id.* at 3). Petitioner has apparently remained detained by immigration officials since that time, apparently because he was deemed to be subject to mandatory detention under 8 U.S.C. § 1226(c) based upon his prior drug conviction. (*Id.*; *see also* ECF No. 1).

Following immigration proceedings, on July 17, 2017, an immigration judge denied all of Petitioner's applications for relief from removal and ordered Petitioner removed from the United States. (Document 1 attached to ECF No. 3 at 24). Petitioner appealed, and on December 11, 2017, the Board of Immigration Appeals ("BIA") dismissed his appeal, rendering his order of removal administratively final. (Document 2 attached to ECF No. 3). It does not appear that Petitioner has filed an appeal with the Third Circuit, nor does it appear that Petitioner has sought or received a stay of removal based upon the record before the Court.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), *habeas* relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Petitioner contends that, because of the overlong nature of his immigration detention, he should be entitled either to a bond hearing or his outright release. In order to evaluate that claim, the Court must first determine the statutory basis for Petitioner's detention. While Petitioner contends that he was being detained pursuant to 8 U.S.C. § 1226(c) at the time he filed his *habeas*

Following immigration proceedings, on July 17, 2017, an immigration judge denied all of Petitioner's applications for relief from removal and ordered Petitioner removed from the United States. (Document 1 attached to ECF No. 3 at 24). Petitioner appealed, and on December 11, 2017, the Board of Immigration Appeals ("BIA") dismissed his appeal, rendering his order of removal administratively final. (Document 2 attached to ECF No. 3). It does not appear that Petitioner has filed an appeal with the Third Circuit, nor does it appear that Petitioner has sought or received a stay of removal based upon the record before the Court.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), *habeas* relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Petitioner contends that, because of the overlong nature of his immigration detention, he should be entitled either to a bond hearing or his outright release. In order to evaluate that claim, the Court must first determine the statutory basis for Petitioner's detention. While Petitioner contends that he was being detained pursuant to 8 U.S.C. § 1226(c) at the time he filed his *habeas*

petition, because the BIA dismissed his appeal of his removal order, he is now subject to an administratively final removal order. Once an immigration detainee is subject to an administratively final removal order, he ceases to be detained under § 1226 and is instead subject to detention under 8 U.S.C. § 1231(a). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-69 (3d Cir. 2012). Because Petitioner is subject to a final order of removal and is therefore detained under § 1231(a), the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*.

In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety-day statutory removal period. 501 U.S. at 683. The Court in turn held that the statute does not limit post-removal order detention to this ninety-day period; instead the Court found that the statute permits the Government to detain aliens beyond that ninety-day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary course of removal proceedings, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701.

That an alien's detention exceeds this six month presumptively reasonable period, however, does not automatically entitle an alien to relief from immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish

its continued authority to detain only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner received his final order of removal on December 11, 2017. (Document 2 attached to ECF No. 4). Petitioner is thus still within the ninety-day removal period during which his detention is required by the statute, and is also well within the six-month period discussed in *Zadvydas*, and this Court must therefore presume that his continued detention is reasonable under § 1231(a). 501 U.S. at 701. Because Petitioner is detained pursuant to § 1231(a), and because this Court is required by *Zadvydas* to presume that his continued detention is reasonable at this time, Petitioner is not entitled to relief from immigration detention, and his *habeas* petition must therefore be denied without prejudice.

### III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's *habeas* petition without prejudice. An appropriate order follows.

Date: March 6th, 2018

JOSE L. LINARES
Chief Judge, United States District Court